**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**SERVICE CONTAINER CORPORATION, Defendant.**

No. 75–0240–D Civil.

United States District Court, W. D. Oklahoma.

May 6, 1976.

---

4. Said Statute codified as N.Y. Correction Law § 216 (McKinney 1968).

Douglas V. Vasquez, Denver, Colo., for plaintiff.

Harley E. Venters, Oklahoma City, Okl., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

Plaintiff has moved the Court to Reconsider the Court's Memorandum Opinion or in the Alternative has moved for a New Trial. Four propositions are stated in the alternative motions. However, five propositions are briefed. The Defendant has responded in opposition to the alternative motions. Briefs have been submitted by each party. The Court rules on each proposition as follows:

I. PLAINTIFF PROVED A PRIMA FACIE CASE OF EMPLOYMENT DISCRIMINATION AGAINST FEMALES

II. THE COURT APPLIED THE WRONG LEGAL STANDARD WHEN DETERMINING THAT DEFENDANT ESTABLISHED THE DEFENSE OF "BUSINESS NECESSITY"

██ These propositions will be considered together. Plaintiff first says it proved a prima facie case of employment discrimination based on sex. In support Plaintiff points to its statistical evidence. The Court did not say in its Memorandum Opinion that the Plaintiff did not prove a prima facie case. The Court did specifically make note in its Memorandum Opinion of Plaintiff's statistical evidence and stated that it considered the same. Plaintiff is incorrect in asserting that the Court applied the "business necessity" doctrine. First, the Defendant did not plead this doctrine defensively. Secondly, the Court made no mention of the doctrine in its Memorandum Opinion. Third, the evidence did not establish the doctrine nor warrant the Court in utilizing the same in deciding the case. Under this doctrine you start with intentional discrimination and then justify the same in the interest of safety and efficiency required by the particular business or job. See *Griggs v. Duke Power Co.,* 401 U.S. 424,

91 S.Ct. 849, 28 L.Ed.2d 158 (1971). Our Circuit discussed the doctrine in *Muller v. United States Steel Corporation,* 509 F.2d 923 (Tenth Cir. 1975). As aforestated, Defendant made no claim under the doctrine nor did the evidence support its application. To the contrary of this doctrine the Defendant denied any discrimination against females and emphatically established that Plaintiff desired female employees whenever it could get one to work for it. Of course, a failure to meet average local statistics in the employment of males and females could be for reasons other than "business necessity". That is this case and this is what the Court found. Plaintiff produced no evidence that Defendant ever refused to hire a female applicant, paid females at a different rate than males doing the same job, failed to promote a female because of sex or failed to transfer a female because of sex. There was no claim or showing made that females could not do all or certainly most of the jobs Defendant had to offer. In spite of Defendant's non-discriminatory attitude and operation as far as females are concerned its type of work and business location simply had little appeal to them. There was no claim made or evidence presented that safety and efficiency required the use of males rather than females in Defendant's business. Hence, Plaintiff improperly utilizes these two propositions in its quest for reconsideration or a new trial. Plaintiff now attempts to read new matters into the case and into the Court's Memorandum Opinion.

### III. DEFENDANT'S EMPLOYEE REFERRAL PRACTICE IS AN UNLAWFUL EMPLOYMENT PRACTICE

■ Our Circuit in *Taylor v. Safeway Stores, Incorporated,* 524 F.2d 263 (Tenth Cir. 1975) said:

".   .   . Thus, even though the hiring at the distribution center relied heavily on employee referrals, absent evidence of prior discrimination, we must sustain the district court's finding that the employee referral system was not a violation of Title VII."

This case applies here for the Court found no evidence of prior discrimination by the Defendant. In this case Defendant wanted and tried to hire females. After employment females were not · discriminated against by the Defendant. Jean Swails, who precipitated this litigation following her discharge by Defendant, was not discharged because she was a female. She was discharged because of her poor work performance. These matters have been factually determined by the Court from the evidence presented and after observing and hearing the various witnesses. The employee referral system used by Defendant was not a violation of Title VII under the factual determinations made herein by the Court and the above case.

### IV. THE COURT DID NOT GIVE SUBSTANTIAL WEIGHT TO THE EVIDENCE CONCERNING JEAN SWAIL'S DISCHARGE

■ The Court gave full consideration to the evidence concerning the discharge of Jean Swails and for the reasons stated in its Memorandum Opinion determined that she was not discharged because she was a female. No point is seen in repeating the evidence and the Court's determination as shown in its Memorandum Opinion. Plaintiff has presented nothing under this proposition which the Court did not consider in the process of deciding the case and preparing its Memorandum Opinion.

### V. DEFENDANT IS NOT ENTITLED TO ATTORNEYS' FEES

■ 42 U.S.C. § 2000e–5(k) provides:

"In any action or proceeding under this subchapter the court, in its discretion, *may allow* the *prevailing* party, other than the Commission or the United States, a *reasonable attorney's fee* as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person. (Emphasis added.)"

In *Taylor v. Safeway Stores, Incorporated, supra,* our Circuit after citing the above Statute has said:

"Title VII allows the district court at its discretion to award attorney's fees to the prevailing party. . . ."

In the exercise of its discretion under the authority of this Statute and under the circumstances of this case, the Court has determined that Defendant is entitled to recover a reasonable attorney's fee. The parties stipulated at the close of the trial to what a reasonable attorney's fee would be in this case and such figure was utilized by the Court in fixing a reasonable attorney's fee for Defendant. Plaintiff claims because it brought this suit on good faith beliefs, Defendant is not entitled to an attorney's fee. Plaintiff reads something into the pertinent statute, supra, which is not there. The Court does not question Plaintiff's good faith but this is not all that should be considered under the Statute in the exercise of discretion on this point. Considerations regarding Defendant's size and financial stature and the impact of this litigation on its operation dictate in the opinion of the Court that it should recover a reasonable attorney's fee herein.

As Defendant has been compelled to incur additional legal services over and above the stipulated figure by reason of the alternative Motions now under consideration, the Court will set the matter of determining a reasonable fee for such additional legal services for an evidentiary hearing, unless within fifteen (15) days from the date hereof the parties stipulate to what such an additional attorney fee should be (and file same herein), in which case such stipulated fee will become a part of this Order and the Judgment herein will be considered increased accordingly. Otherwise, after an evidentiary hearing on this matter the Court will enter a Corrected Judgment herein.

Moreover, if the foregoing determinations of the Court are remiss in any way Plaintiff is out of time in filing the Alternative Motions under consideration. Rules 52 and 59, Federal Rules of Civil Procedure each provide ten days after entry of Judgment within which the Motions under consideration should be made or served. The Judgment herein was entered on March 8, 1976. The Alternative Motions were made or served herein on March 31, 1976. And see Rule 6(b)(2), Federal Rules of Civil Procedure. Hence, the Alternative Motions are out of time and should not be considered by the Court. But this should not deprive Defendant of an additional attorney's fee made necessary to refute Plaintiff's untimely motions.

As none of the five propositions urged in the alternative motions is found to be meritorious the alternative motions under consideration should be overruled.